UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GREGORY HARVEY,

                           Plaintiff,

     v.                                              6:19-CV-411 (MAD/ATB)

TIMOTHY KIRK, et al.,

                           Defendants.

---

GREGORY HARVEY, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

### I. Introduction

Plaintiff filed this action on April 5, 2019, together with an application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2-3). On the same day, District Judge Mae A. D'Agostino ordered administrative closure of the action because plaintiff failed to submit a properly completed IFP application. (Dkt. No. 4). In that order, Judge D'Agostino afforded plaintiff thirty (30) days to either pay the filing fee or submit a properly completed IFP application. On April 17, 2019, plaintiff filed a renewed motion to proceed IFP, the case was reopened, and has been sent to me for initial review. (Dkt. Nos. 5-6). On April 25, 2019, plaintiff filed a letter, requesting to amend his demand for relief. (Dkt. No. 8).

### II. IFP Application

    A.    **Legal Standards**

Where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. The

court must then consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B).

In this case, even though plaintiff has now filed the appropriate forms to show that his financial status would qualify him to "commence" this action without prepaying the filing fee in full, the court would recommend denying plaintiff's application. Title 28 of the United States Code, section 1915(g), as amended, provides:

> In **no event** shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). The court has a responsibility to determine that a prisoner has not brought actions, on three or more occasions while incarcerated, which have been dismissed as frivolous, malicious or for failure to state a claim before permitting plaintiff to proceed with an action in forma pauperis. *Id*.

### B. Application

#### 1. Three-Strikes

Plaintiff has been a frequent litigator in the Northern District of New York. On March 3, 2011, the Honorable Lawrence E. Kahn, Senior United States District Judge issued an order in *Harvey v. Law*, No. 9:10-CV-1468 (LEK/DEP), finding that plaintiff's IFP application should be denied because he had "three strikes" for purposes of section 1915(g). (Dkt. No. 4 in 10-CV-1468). Senior Judge Kahn stated that plaintiff "brought at least three actions in the Northern District which were dismissed as

2

frivolous, malicious, or for failure to state a claim upon which relief may be granted. (*Id.* at 2) (citing *Harvey v. Grow*, 9:09-CV-518 (N.D.N.Y.) (Order of Suddaby, J. filed 6/2/09); *Harvey v. Sawyer*, 9:09-CV-598 (N.D.N.Y.) (Dkt. No. 26, Order of Scullin, S.J. filed 8/20/10); *Harvey v. Luther*, 9:09-CV-599 (N.D.N.Y.) (Dkt. No. 5, Order of Hurd, J. filed 6/8/09); *Harvey v. City of Utica*, 9:09-CV-644 (N.D.N.Y.) (Dkt. No. 4, Order of McAvoy, S.J., filed on 6/15/09). Based on these cases, and the finding that plaintiff was not in "imminent danger" for purpose of section 1915, the court denied plaintiff's application to proceed IFP. (Dkt. No. 4 at 3-5 in 9:10-CV-1468, ).

On August 24, 2014, plaintiff filed another complaint, which was referred to me for initial review after reopening. *Harvey v. Jalonak*, No. 14-CV-1046 (GLS/ATB). On October 2, 2014, I recommended that plaintiff's motion to proceed IFP be denied pursuant to 28 U.S.C. § 1915(g) based on plaintiff's previous "three-strikes." I also found that plaintiff was not in "imminent danger." I recommended that the case be dismissed unless plaintiff paid the full filing fee for the action. (Dkt. No. 8 in 14-CV-1046). Plaintiff did not file any objections to my recommendation. On October 29, 2014, Senior Judge Sharpe accepted my recommendation and denied plaintiff's motion to proceed IFP. (Dkt. No. 9 in 14-CV-1046).

On October 31, 2014, plaintiff filed a letter, stating that he had "no problem" paying the filing fee, but requesting a "stay" of the fee payment. (Dkt. No. 10 in 14-CV-1046). On November 14, 2014, Senior Judge Sharpe denied the "stay," but granted plaintiff an additional thirty (30) days to pay the fee. (Dkt. No. 11 in 14-CV-1046). Plaintiff did not pay the fee within the extra time granted by Judge Sharpe. Although

the deadline for payment was set as December 14, 2014, the court did not issue a judgment until January 5, 2015. (Dkt. No. 12 in 14-CV-1046).

Because plaintiff is still incarcerated, section 1915(g) applies to him, and because he has filed at least three prior cases which have been dismissed either as frivolous or for failure to state a claim, this court must again recommend dismissal of plaintiff's action unless plaintiff is in "imminent danger."

The imminent-danger exception protects a prison inmate, who is exposed to potential danger, from the consequences of his earlier mistakes in filing frivolous litigation. The Second Circuit has held that "for a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citing *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002)). Additionally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297. When determining whether a prisoner has qualified for the "imminent danger" exception, courts look at the non-conclusory allegations in the plaintiff's complaint.

A review of plaintiff's allegations in this case show that he is suing various agents of the United States Secret Service, who he claims have been conducting illegal surveillance of him since 2003. (Complaint ("Compl.") *generally*). Among other statements, which this court will discuss below, plaintiff states that these agents spied

4

on plaintiff 24 hours per day, seven days per week for what they called the "United States Prophet Program." (Compl. at 4). Plaintiff seems to allege that the defendants hoped to get "future predictions and premonitions" from plaintiff because he is telepathic. (*Id.*) There are no non-conclusory statements in plaintiff's complaint, and there is absolutely no claim or indication that plaintiff is in imminent danger, sufficient to overcome the three-strikes bar.

Normally, when an inmate is subject to the three-strikes bar, the court will allow the complaint to go forward if the plaintiff pays the filing fee. However, a review of this action shows that even if plaintiff paid the filing fee, this action would be subject to dismissal as frivolous.

**2. Merits**

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case ***at any time*** if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has

a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

As stated above, plaintiff alleges that the defendant Secret Service Agents and "Affiliates" began spying on plaintiff as early as 2003. Apparently, plaintiff believes that the defendants are somehow mentally harassing him by obtaining predictions and premonitions from him telepathically. (Compl. at 4). Plaintiff states that the New York City agents have "sophisticated telepathic equipment" with which they "harass innocent religious citizens trying to force them to become prophets for the U.S. Government." (*Id.*) Plaintiff states that "they" claim that this Prophet Program is "classified," and when plaintiff attempted to sue the Syracuse Field Office in 2005, the defendants forced

a medical doctor to diagnose plaintiff with mental illness. Plaintiff claims that he has been under surveillance until the present day.[1]

The complaint contains three causes of action. (Compl. at 5). The first cause of action alleges violations of plaintiff's First Amendment right to practice his religion without government involvement. (*Id.*) The second cause of action is for a violation of Equal Protection, stating that plaintiff may not be the subject of discrimination by the government for expressing his religion and giving premonitions to the media. Finally, plaintiff alleges that his Eighth Amendment rights have been violated because the Secret Service has used telepathic individuals to mentally harass plaintiff and falsely arrest him every time that he tries to sue them. Plaintiff claims that two of the defendant "staged" his current wrongful conviction and imprisonment. (*Id.*)

The claims stated above are the precise type of claims that may be dismissed sua sponte as frivolous or fanciful even if plaintiff paid the filing fee, notwithstanding the liberal treatment that is accorded pro se pleadings. *See e.g. Frank v. U.S. F.B.I.*, No. 13-CV-848, 2013 WL 839862, at *1 (E.D.N.Y. Mar. 5, 2013). In *Frank*, the court dismissed plaintiff's complaints sua sponte notwithstanding his payment of the filing fee. *Id.* In *Frank*, plaintiff alleged that he was targeted by the United States government for surveillance because he was a whistle blower in a mortgage processing "scenario in

---

[1] The court notes that the statute of limitations for an action under *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971) is three years. *See Chin v. Bowen*, 833 F.2d 21, 23-24 (2d Cir. 1987). A claim accrues when the plaintiff either knows of the claim or has enough information that a reasonable person would investigate and discover the existence of the claim. *Gonzalez v. Hasty*, 802 F.3d 212, 220-21 (2d Cir. 2005). There is likely a statute of limitations issue in this case, but I will not address it because the complaint is frivolous regardless of the date that plaintiff's alleged claims accrued.

2007." Instead of using "'normal' surveillance . . . they have jeopardized my life with attack helicopters - in certain case missing [Frank] by less than 8 feet.'" *Id.* Mr. Frank claimed to have been mutilated physically and psychologically, and that the F.B.I. was attacking him with actual aircraft, resulting in plaintiff having to dodge helicopters. *Id.* The court found that Mr. Frank's claims were "fanciful" and "fantastic." In addition, the court found that the problem with Mr. Frank's complaint was "substantive," and that "better pleading will not cure it." *Id.* at *2. The court dismissed the action with prejudice. *Id.*

In this case, although the causes of action seem coherent, the factual bases for these three causes of action are not grounded in reality. The plaintiff's claim that the Secret Service is attempting to use telepathic methods from New York City to attempt to obtain "religious" premonitions from the plaintiff in a further attempt to make him a "prophet" for the government is clearly frivolous and fanciful and should be dismissed with prejudice, even if plaintiff paid the filing fee.

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). If plaintiff paid the filing fee, the court would still recommend dismissal of the complaint in its current form. Based on the basis of plaintiff's claims, this court does not find that there is any way that plaintiff could amend his allegations to cure the defects in his complaint. There does not appear to be any amended pleading that would allow an individual to sue the Secret Service for

8

engaging in telepathic harassment. Thus, this court recommends a dismissal with prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to proceed IFP (Dkt. No. 4) be **DENIED** based on plaintiff's accumulation of three strikes under 28 U.S.C. § 1915(g), and it is

**RECOMMENDED**, that notwithstanding the section 1915(g) provision allowing plaintiff to proceed if he pays the filing fee, the complaint be **DISMISSED AS FRIVOLOUS WITH PREJUDICE**, and it is

**ORDERED**, that plaintiff's request to amend his claim for relief (Dkt. No. 8) is **DENIED AS MOOT.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 9, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge