**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**GREGORY HARVEY,**

                             **Plaintiff,**

   vs.                                                  **6:19-CV-411**
                                                            **(MAD/ATB)**

**TIMOTHY KIRK,** *Secret Service Agent*;
**JUSTIN MAJORAWSKI,** *Secret Service Agent*;
**ALBERT MONACO,** *Secret Service Agent*;
**MELANIE McCALL,** *Secret Service Affiliate*;
**MARK GREENBURG; TIM WITHERSPOON;**
**FRANK HANFIELD,**
                              **Defendants.**

---

**APPEARANCES:**                                 **OF COUNSEL:**

**GREGORY HARVEY**
07-A-3479
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff *pro se* Gregory Harvey, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action on April 5, 2019. *See* Dkt. No. 1. Plaintiff alleges that he has been mentally harassed by Defendants by means of telepathic communication. *See* Dkt. No. 1 at 5. On the same date, this Court ordered administrative closure of the action due to Plaintiff's failure to submit a completed *in forma pauperis* ("IFP") application. *See* Dkt. No. 4. The Court afforded Plaintiff thirty days to submit a completed IFP application. *See id*. On April 17, 2019, Plaintiff filed a completed IFP application

and the case was reopened. *See* Dkt. Nos. 5, 6. On May 9, 2019, Magistrate Judge Baxter issued a Report-Recommendation and Order, recommending that, (1) the Court deny Plaintiff's IFP application based on Plaintiff's accumulation of "three strikes" under 28 U.S.C. § 1915(g); (2) dismiss the complaint with prejudice as frivolous; and (3) deny Plaintiff's request to amend his claim for relief as moot. *See* Dkt. No. 9 at 9. Plaintiff has not filed any objections.

## II. BACKGROUND

Plaintiff is an inmate in the custody of DOCCS. *See* Dkt. No. 5. Plaintiff asserts three claims involving alleged violations of his First, Fourteenth, and Eighth Amendment rights by Defendants. *See* Dkt. No. 1 at 6. Specifically, Plaintiff alleges Defendants have conducted years of mental surveillance and harassment against Plaintiff by telepathic means in an attempt to conscript him into the "United States Prophet Program." *See id*. at 5. According to Plaintiff, this program is a classified program in which the government spies on citizens "in hopes of getting future predictions and premonitions." *See id*. Magistrate Judge Baxter reviewed Plaintiff's motions for leave to proceed *in forma pauperis*. *See* Dkt. No. 9. Currently before the Court is Magistrate Judge Baxter's May 9, 2019 Order and Report-Recommendation.

## III. DISCUSSION

**A.     Standard**

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F.

Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

**B.      Three Strikes Rule**

28 U.S.C. § 1915(g) bars prisoners from proceeding *in forma pauperis* ("IFP") after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim. *See* 28 U.S.C. § 1915(g) (2011). Section 1915(g) applies to "any person incarcerated or detained in any facility who is . . . convicted of . . . violations of criminal law." *See* 28 U.S.C. § 1915(h). Frivolous claims "lack[ ] an arguable basis either in law or in fact." *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

The "three-strike" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical

3

injury." 28 U.S.C. § 1915(g); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (applying the imminent danger exception "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury'"). To determine whether the imminent danger exception applies, the court must evaluate whether the claimed danger was still in existence when a complaint was filed and whether such danger was sufficiently serious to require protection. *See Chavis v. Chappius*, 618 F.3d 162, 169-70 (2d Cir. 2010) (other citations omitted). Therefore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or non-specific allegations of imminent danger are not sufficient to bypass the three-strike bar. *Id*. at 170 (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

In the present matter, Magistrate Judge Baxter noted Plaintiff's lengthy litigation history in this district and that he has previously been denied IFP status pursuant to 28 U.S.C. § 1915(g). *See* Dkt. No. 9 at 2-3 (citing *Harvey v. Law*, No. 9:10-CV-1468 (N.D.N.Y. Mar. 3, 2011)) (finding that at least three of the nine actions filed by the plaintiff in the Northern District of New York during his period of confinement were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted) (citations omitted).

An additional review of the Plaintiff's litigation history indicates that the Plaintiff has filed ten actions in this court since 2009, including the instant case.[1] Having reviewed the disposition of each action, it appears that Plaintiff has brought at least three actions in the Northern District

---

[1] The previous actions include: *Harvey v. Jalonak*, No. 6:14-CV-1046 (N.D.N.Y. Aug. 25, 2014); *Harvey v. Farber et al.*, No. 9:09-CV-152 (N.D.N.Y. Feb. 9, 2009); *Harvey v. Harder*, No. 9:09-CV-154 (N.D.N.Y. Feb, 9, 2009); *Harvey v. Jabout, et al.*, No. 9:09-CV-517 (N.D.N.Y. May, 4, 2009); *Harvey v. Grow et al.*, No. 9:09-CV-518 (N.D.N.Y. May, 4, 2009); *Harvey v. Sawyer, et al.*, No. 9:09-CV-598 (N.D.N.Y. May, 22, 2009); *Harvey v. Luther et al.*, No. 9:09-CV-599 (N.D.N.Y. May, 22, 2009); *Harvey v. City of Utica Police Officers et al.*, No. 9:09-CV-644 (N.D.N.Y. June, 4, 2009); *Harvey v. Law*, No. 9:10-CV-1468 (N.D.N.Y. Dec. 7, 2010)

which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Harvey v. Sawyer*, No. 9:09-CV-598, Dkt. No. 26 (N.D.N.Y Aug. 20, 2010; *Harvey v. Luther et al*, No. 9:09-CV-599, Dkt. No. 5 (N.D.N.Y. June 8, 2009); *Harvey v. City of Utica Police Officers*, No. 9:09-CV-644, Dkt. No. 4 (N.D.N.Y. June 15, 2009). Accordingly, the Court finds that Plaintiff has previously acquired three "strikes" for the purposes of 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 1915(g), Plaintiff, having acquired three strikes may only proceed *in forma pauperis* if he was under imminent danger of serious physical injury at the time of the filing of the complaint. *See* 28 U.S.C. § 1915(g); *see also Malik v. McGinnis*, 292 F.3d 559, 562 (2d Cir. 2002). Plaintiff has alleged only that Defendants "used telepaths to mentally harrass [sic] [Plaintiff]" and tried to force him to become a "prophet for the U.S. Government." *See* Dkt. No. 1 at 5. Plaintiff has not alleged sufficient facts to demonstrate that at the time of the filing of this action he was in imminent danger of serious physical harm. Accordingly, Plaintiff has not lodged sufficient allegations to bypass the three strikes rule and his application to proceed *in forma pauperis* must be denied.

**C.    Dismissal on the merits**

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "[I]n a pro se case, the court must view the submissions by a more lenient standard than that accorded to

'formal pleadings drafted by lawyers.'" *Govan*, 289 F. Supp. 2d at 295 (N.D.N.Y. 2003) (quoting *Haines,* 404 U.S. at 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect pro se litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *See id*. (quoting *Traguth*, 710 F.2d at 95 (2d Cir. 1983)).

Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). "A district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous . . . regardless of whether a plaintiff has paid the filing fee." *Frank v. U.S. F.B.I*, No. 13-CV-848, 2013 WL 839862, *1 (E.D.N.Y. Mar. 5, 2013) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000)).

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. Proc. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *See id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. Proc. 8(a)(2)). A complaint filed by a *pro se* litigant should not be dismissed without granting leave at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).

Here, Plaintiff alleges three causes of action. *See* Dkt. No. 1 at 6. First, Plaintiff alleges violations of his First Amendment right to freely exercise his religion. *See id*. Second, Plaintiff alleges violations of his Fourteenth Amendment right to Equal Protection under the law, claiming discrimination by the government on the basis of his expression of his religious beliefs. *See id*. Third, Plaintiff alleges violations of his Eighth Amendment rights, claiming that the Secret Service has used telepathic individuals to mentally harass and spy upon him. *See id*. The basis for all of these claims is that Defendants used individuals with telepathic abilities to mentally survey and harass Plaintiff for years in the hopes of involuntarily enlisting him into a top-secret

7

government program intended to obtain premonitions from religious individuals as a means of predicting the future. *See* Dkt. No. 1 at 5. Such claims are not based in reality, and even construed in the light most favorable to Plaintiff, would not entitle Plaintiff to relief. The factual basis underlying Plaintiff's claims lack any basis fact and, thus, is frivolous. *See Neitzke*, 490 U.S. 319 at 325.

Magistrate Judge Baxter correctly concluded that even if Plaintiff were able to pay the filing fee, the instant action should be dismissed. As Judge Baxter described, courts have previously dismissed with prejudice cases alleging similar outlandish surveillance methods. *See Frank*, 2013 WL 839862, at *1 (finding allegations of helicopter attacks and government surveillance to be "fanciful" and "fantastic" and unable to be cured with an amended pleading). Similarly here, even if Plaintiff was permitted to amend his complaint, the underlying conduct alleged still could not form the basis of a cause of action. Accordingly, the court dismisses the case with prejudice as frivolous.

### IV. CONCLUSION

After careful consideration of Magistrate Judge Baxter's Order and Report-Recommendation, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's May 9, 2019 Order and Report-Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 5) is **DENIED** based on Plaintiff's accumulation of three strikes under 28 U.S.C § 1915(g); and the Court further

**ORDERS** that, notwithstanding the section 1915(g) provision allowing Plaintiff to proceed if he pays the filing fee, the complaint is **DISMISSED WITH PREJUDICE** as frivolous; and the Court further

**ORDERS** that Plaintiff's request to amend his claim for relief (Dkt. No. 8) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 1, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge